UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. <u>06-0018 (RBW)</u> |
| | : | |
| v. | : | |
| | : | |
| LARRY M. BRUNI, | : | |
|       Defendant. | : | |

**MOTION FOR CONTINUANCE OF SENTENCING AND
EXTENSION OF TIME TO SUBMIT
MEMORANDUM IN AID OF SENTENCING INCORPORATED
POINTS AND AUTHORITIES**
_____

Now comes Defendant, Larry M. Bruni, by the undersigned counsel, and respectfully requests this Court to continue the sentencing date, and to extend the deadline for submission of Defendant's Memorandum In Aid Of Sentencing ("Sentencing Memorandum").  Defendant, with the assistance of counsel, has been actively engaged in obtaining current and complete medical evaluations and recommendations, in order to submit a thorough Sentencing Memorandum to the Court detailing his medical history and the effect of that history upon his character.  The Sentencing Memorandum will also propose a plan for Defendant to obtain needed medical care and correctional treatment of his physical and

mental disorders. As grounds for this Motion, Counsel states as follows:

    1.    Sentencing in the above captioned matter is set for May 26, 2006. Defendant has not made prior requests for a continuance of the sentencing or an extension of the deadline to submit the Sentencing Memorandum.

    2.    Defendant has suffered from multiple physical and mental disorders, which are documented in medical records. Also, Defendant is HIV Positive. Certain of the records were provided to the Probation Officer and are referenced in the Presentence Investigation Report. Additional records have been obtained, or are in the process of being obtained, and will be submitted with the Sentencing Memorandum.

    3.    One of Defendant's significant medical conditions is a complex failed low back surgery syndrome with significant disability and pain; and, equally significant are Defendant's related psychiatric disorders.

    4.    From 2000 to August 2003, Defendant was treated by several doctors in the Washington D.C. area.

5.    Since August 2003, when Defendant moved to Albany, N.Y., he has been treated by fewer experienced doctors and other health care professionals, because the geographic area has a small pool of such professionals, and an even smaller pool which are in the network of Defendant's insurance carrier and who are willing to accept new patients.

6.    On February 2, 2005, Defendant was evaluated by a medical team at the Beth Israel Hospital in New York, including Dr. Russell K. Portenoy, Chairman of the Department of Pain Medicine and Palliative Care at Beth Israel Medical Center and a recognized expert in treating chronic pain.  One recommendation by Dr. Suelane do Ouro, a member of the evaluation team, involves the insertion of a spinal cord stimulator to alleviate back pain, and thereafter reduce and eliminate the use of opiate medication.  Defendant has been led in circles by his insurance carrier as to whether the insertion procedure is covered by the carrier.  Defendant is persistently trying to resolve this issue.

7.    Defendant is scheduled for a necessary follow-up examination by Dr. do Ouro, on June 5, 2006.

8. Defendant had an initial evaluation with a Psychiatrist on May 18, 2006, and has been in contact with a second to schedule an appointment.

9. Additional time is needed to complete psychiatric evaluations and reports, allow Dr. do Ouro to conduct a current examination of Defendant in order to finalize her recommendation for the insertion of spinal stimulator, and determine when the procedure can be scheduled and the necessary follow-up treatment.

10. Additional time also is needed to summarize all of the medical information which is material to the Court's determination of Defendant's history and characteristics, and the most effective way for Defendant to obtain needed medical care and treatment, consistent with all of the sentencing factors outlined in Title 18 U.S.C. § 3553.

11. Defendant recognizes that the proposed plan is subject to this Court's determination and imposition of the sentence in this matter.

12. An unrelated bases for the request to continue the sentencing date is a personal medical matter involving a close family member of undersigned counsel. Due to unforeseen circumstances

beyond counsel's control, this personal medical matter requires counsel to be in Detroit, Michigan on May 26, 2006.

13. Subject to the Court's calendar, Defendant proposes that sentencing be continued to June 23, 2006, or June 22, 2006 as a second date, or such other date as may be convenient to the Court and counsel. Counsel for Defendant proposes to submit the Sentencing Memorandum at least 5 days before the sentencing date which the court sets, if the Court grants this Motion.

14. Counsel for Defendant has discussed this Motion with Government counsel and she does not oppose this Motion.

**WHEREFORE,** for the reasons set forth above, Defendant requests that this Motion be granted.

        Respectfully Submitted,

        s/Michael L. Fayad
        Michael L. Fayad
        District of Columbia Bar No. 91694
        Greenberg Traurig, LLP
        1750 Tysons Blvd.
        Suite 1200
        McLean, VA  22102
        Telephone No. 703.749.1300