HONORABLE RGIE B. WALTON, UNITED STA DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: CR-06-00018 |
| vs. | : | SSN: |
| Bruni, Larry M. | : | Disclosure Date: April 20, 2006 |

**FILED**

APR 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     _____
Prosecuting Attorney                                            Date

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signature]_  4 MAY 2006           _[signature]_ 5/4/06
Defendant        Date                     Defense Counsel       Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **May 4, 2006**, to U.S. Probation Officer **Renee Moses-Gregory**, telephone number **(202) 565-1348**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:    Richard A. Houck, Jr., Chief
       United States Probation Officer

# Greenberg Traurig

Michael L. Fayad
Tel. 202.533.2327
Fax 202.331.3101
fayadm@gtlaw.com

May 5, 2006

*Via Email*

Ms. Renee L. Moses-Gregory
U.S. Probation Officer
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW, Room 2800
Washington, DC  20001
Fax: 202-273-0242

Re: Larry Bruni

Dear Ms. Moses-Gregory,

On behalf of Defendant Larry M. Bruni, we submit this letter in accordance with Rule 32(f), Federal Rules of Criminal Procedure, Rule 32.2 of the Criminal Rules of the United States District Court for the District of Columbia, and the General Order Governing Criminal Cases, page 18, Section (9) Sentencing, issued by Judge Walton; and, the Receipt and Acknowledgement of the Presentence Investigation Report ("PSR"). This letter enumerates certain objections and briefly summarizes the basis for the objections. We will contact you to discuss the objections in an effort to resolve as many as possible.

The following list follows the format of the PSR.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101

www.gtlaw.com

Ms. Renee L. Moses-Gregory
May 5, 2006
Page 2

### IDENTIFYING DATA

1.  **Aliases.** Defendant Bruni has never used an alias. References to Larry Michael Brunner should be deleted.

### PART A. THE OFFENSE

**Charge(s) and Conviction(s):**

2.  **Paragraph 2.** Reference to Defendant's statement at the Plea Hearing is omitted and contains information material to the factual basis for his acceptance of responsibility. We suggest inserting a reference to the transcript of the Plea Hearing.

3.  **Paragraph 8.** Our information is that Defendant inadvertently missed one call-in report to Pretrial Services.

4.  **Paragraphs 18 and 19.** Defendant did not have actual knowledge of the fraudulent billings to Medicare during the relevant time period. Defendant admitted knowledge of a high probability, sometime after March 28, 2003, that that his expenses were paid from funds for services not performed. The factual basis for this plea is in accordance with the doctrine of "deliberate ignorance". Defendant does not minimize his inability to quickly and fully grasp the ordinary concept that a reduced level of patients should have meant a reduced level of Medicare billing and, therefore, reduced revenue; nevertheless, his expenses were, in

Ms. Renee L. Moses-Gregory
May 5, 2006
Page 3

part, paid.  Nor does Defendant Bruni minimize his failure to investigate after March 28, 2003.  Unlike the actual perpetrators of the fraudulent scheme, Defendant has accepted responsibility.[1]

5.      **Paragraph 24.**  The Parties' Plea Agreement uses the 2004 Guidelines Manual to determine guideline ranges and components of that range.  Therefore, we suggest using this version of the Manual.

6.      **Paragraphs 26 and 95.**  The Parties agreed that the Specific Offense Characteristic would be based on the actual, not intended, loss.  Although the Plea Agreement is not binding on the Probation Office or the Court, it should be used because the intended loss is inapplicable in this case.  The state of mind element, an essential element of offense to which Defendant admitted responsibility, is based on the doctrine of deliberate ignorance.[2]

Intended loss is "[t]he pecuniary harm that was intended to result from the offense." USSG § 2B1.1, Commentary, Application Notes, 3(A)(ii).  The actual loss is the reasonably foreseeable pecuniary harm that resulted from the offense, which is further defined as the harm that the defendant, under the circumstances, reasonably should have known to be a potential result.  USSG § 2B1.1, Commentary, Application Notes, 3(A)(iii) and (iv).  As subscribed to by Defendant and the Government in the Statement of the Offense, and the statements of Defendant at the Plea Hearing, Mr. Bruni was aware of the high probability that his expenses were paid from funds for services which were billed to Medicare but not actually performed.  At a time when Defendant Bruni was experiencing significant financial, emotional and health problems,

---

[1] It appears the actual perpetrators will escape "scot free".
[2] The doctrine of "deliberate ignorance" is well established in American jurisprudence, and the Government. agreed that the facts supported the application of the doctrine.

Ms. Renee L. Moses-Gregory
May 5, 2006
Page 4

he chose to ignore this probability and not investigate the source of his income. The harm intended by the actual perpetrators of the scheme cannot, under the circumstances of this case, be attributed to Mr. Bruni.

**PART C: OFFENDER CHARACTERISTICS**

7. **Paragraph 68:** According to Defendant Bruni, he was in his late twenties when he first used cocaine.

8. **Paragraph 71.** Defendant Bruni is currently taking hydrocodone (Lortab), a medication his doctor prescribes for break-through pain. However, he is not taking hydromorphone (Dilaudid). Further investigation is necessary to determine why the urinalysis indicated the presence of hydromorphone. It is possible that once consumed, hydrocodone is metabolized to become hydromorphone.

9. **Paragraph 79.** Whether Defendant Bruni seeks to regain a medical license remains to be determined. His current goal is to gain accreditation in Medical Informatics and seek employment in that field.

We expect to submit a Memorandum In Aid Of Sentencing on behalf of Defendant Bruni, which will provide additional information to your office and the Court.

Sincerely,

*[signature]*

**Michael L. Fayad, Esq.**